AO 241    (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*FILED
IN CLERKS OFFICE*

| United States District Court | District  Massachusetts | |
|---|---|---|
| Name<br>  Jimmy Evans | Prisoner No.<br>  W61606 | Case No.<br>2004 OCT 19 P 4: 04 |

Place of Confinement
  MCI Shirley

*U.S. DISTRICT COURT
DISTRICT OF MASS.*

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Jimmy Evans | V. | Michael Thompson |

The Attorney General of the State of:  Massachusetts

## PETITION

*04  12205 REK*

1.  Name and location of court which entered the judgment of conviction under attack
    Suffolk County Superior Court
    Boston, MA

2.  Date of judgment of conviction   11/8/1996

3.  Length of sentence   Life without parole and two five year concurrent sentences.

4.  Nature of offense involved (all counts)
    One count of first-degree murder and two counts of possession of a firearm without a license.

5.  What was your plea?  (Check one)
    (a) Not guilty          ☑
    (b) Guilty              ☐
    (c) Nolo contendere     ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a) Jury          ☑
    (b) Judge only    ☐

7.  Did you testify at the trial?
    Yes  ☑    No  ☐

8.  Did you appeal from the judgment of conviction?
    Yes  ☑    No  ☐

(2)

AO 241    (Rev. 5/85)

9.    If you did appeal, answer the following:

    (a) Name of court    Massachusetts Supreme Judicial Court

    (b) Result    Affirmed convictions

    (c) Date of result and citation, if known    Commonwealth v. Evans, 439 Mass. 184 (April 16, 2004)

    (d) Grounds raised
       See attached page entitled Grounds Raised before SJC.

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court    Massachusetts Supreme Judicial Court

        (2) Result
           Petition for rehearing denied

        (3) Date of result and citation, if known    June 5, 2003

        (4) Grounds raised
           See attached page entitled Grounds Raised in Petition for Rehearing.

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court    Massachusetts Supreme Judicial Court

        (2) Result
           Denied

        (3) Date of result and citation, if known    Evans v. Massachusetts, 124 S.Ct. 445 (Oct. 20, 2003)

        (4) Grounds raised
           See attached page entitled Ground Raised in Petition for Certiorari

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes  ☑    No  ☐

11.    If your answer to 10 was "yes," give the following information:

    (a)  (1) Name of court    Suffolk County Superior Court

        (2) Nature of proceeding
           Motion for a New Trial and Motion for Funds for Experts

        (3) Grounds raised
           See attached page entitled Grounds Raised in Motion for New Trial.

AO 241    (Rev. 5/85)

      (4)  Did you receive an evidentiary hearing on your petition, application or motion?
          Yes   ☐   No   ☑

      (5)  Result  Denied

      (6)  Date of result   December 30, 1999

  (b)  As to any second petition, application or motion give the same information:

      (1)  Name of court

      (2)  Name of proceeding

      (3)  Grounds raised

      (4)  Did you receive an evidentiary hearing on your petition, application or motion?
          Yes   ☐   No   ☐
      (5)  Result

      (6)  Date of result

  (c)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
      (1)  First petition, etc.     Yes  ☑   No  ☐
      (2)  Second petition, etc.   Yes  ☐   No  ☐

  (d)  If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.  State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.
      CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one:

Ineffective assistance of counsel

Supporting FACTS (state *briefly* without citing cases or law):

Trial counsel entirely failed to retain or even consult with an investigator or any forensic experts in a first-degree murder case that hinged critically on forensic evidence. Specifically, counsel admitted in an affidavit that he never moved for funds or even consulted with: (1) a blood expert who could have performed testing on blood found on a coat linked to the petitioner's co-defendant; (2) a ballistics expert who could have examined firearms found at the scene and evaluated the prosecution's ballistics evidence; (3) a fingerprint expert who could have examined the firearms and evaluated the prosecution's fingerprint testing; (4) a criminalist who could have evaluated defects in how the police secured the crime scene; or (5) an investigator who could have conducted and independent factual investigation of the homicide.

B.  Ground two:

Violation of the petitioner's confrontation rights

Supporting FACTS (state *briefly* without citing cases or law):

A. Alton Clarke was the only prosecution witness to testify that he actually observed the shooting. He did not come forward and claim that he had seen the shooting until nine months after it occurred—by which time he had been indicted for aggravated rape, kidnapping, and assault and battery with a dangerous weapon. Despite the very serious nature of these charges and the great risk that Clarke would try to curry favor with the prosecution, the defendant was not allowed to identify the charges pending against Clarke but was, instead, only allowed to elicit the fact that Clarke had "serious pending matters" or "felony cases."

B. When called to the stand by the prosecution, Marvette Neal testified that did not remember seeing the petitioner at the crime scene the night of the shooting, that he was unable to identify the shooters, and that he never identified the petitioner as the shooter. Despite this testimony, the prosecution was allowed to intoduce Neal's grand jury testimony that he had seen the petitioner at the crime scene and the testimony of a police officer who said that Neal had identified the petitioner as one of the shooters.

AO 241    (Rev. 5/85)

   C.  Ground three:
        The Supreme Judicial Court applied the wrong appellate standard when denying the petitioner's
        ineffective assistance of counsel and confrontation claims.

      Supporting FACTS (state *briefly* without citing cases or law):
        The Supreme Judicial Court based its opinion on a summary of the facts "[t]he jury could have
        found," rather than the totality of the evidence presented at trial.  Then, when considering the
        petitioner's ineffective asssistance of counsel and confrontation claims, the court looked at the
        evidence only from the prosecution's perspective and ignored the many inconsistencies and
        anomolies in the testimony of the prosecution's witnesses, while overlooking exculpatory evidence
        introduced by the petitioner at trial.

   D.  Ground four:

      Supporting FACTS (state *briefly* without citing cases or law):

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state
      *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
      Yes  ☐    No  ☑

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment
      attacked herein:
      (a)  At preliminary hearing
           Phillip Halloran
           101 Tremont
           Boston, MA 02108
      (b)  At arraignment and plea
           Same as at preliminary hearing.

AO 241  (Rev. 5/85)

     (c)  At trial
          Same as at preliminary hearing.

     (d)  At sentencing
          Same as at preliminary hearing.

     (e)  On appeal
          Michael R. Schneider
          95 Commercial Wharf
          Boston, MA 02110
     (f)  In any post-conviction proceeding
          Same as on appeal.

     (g)  On appeal from any adverse ruling in a post-conviction proceeding
          Same as on appeal.

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
     Yes  ☒    No  ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
     Yes  ☐    No  ☒
     (a)  If so, give name and location of court which imposed sentence to be served in the future:

     (b)  Give date and length of the above sentence:

     (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
     Yes  ☐    No  ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____    PLEASE SEE ATTACHED VERIFICATION OF PETITIONER.
        Date

_____
Signature of Petitioner

(7)

UNDER THE PAINS & PENALTIES OF PERJURY

I, JIMMY EVANS, HEREBY STATE THAT THE FOREGOING IS TRUE AND ACCURATE.

JIMMY EVANS

Dated: OCT. 15, 2004

## Grounds Raised before the SJC.

1.  Trial counsel's <u>complete</u> failure to conduct an independent forensic investigation, including the performance of critical blood tests that might have shown that co-defendant Ronald Tinsley was the shooter, constituted ineffective assistance of counsel under the state and federal constitutions (including the sixth and fourteenth amendments).

2.  The motion judge abused her discretion in refusing to conduct an evidentiary hearing to evaluate Robert Brown's testimony, where there was credible evidence that brown, who had been unavailable at the time of trial, would have testified at such a hearing that he had heard the co-defendant ronald tinsley confess to the shooting.

3.  The motion judge abused her discretion in refusing to conduct an evidentiary hearing to evaluate the testimony of Tasha Smith, where "Tasha" would have corroborated the defendant's testimony that his brother was not in the snack bar at the time of the shooting, and would have thus undermined the Commonwealth's evidence.

4.  The trial judge abused his discretion in preventing the defendant from questioning Eddie Hawkins about his prior statements that tinsley had confessed to shooting the victim for having "disrespected him" and thereby violated the defendant's state and federal constitutional right to present a defense and to due process of law (including under the Sixth and Fourteenth Amendments).

5.  The trial judge's ruling precluding the defense from informing the jury that Alton Clarke was facing an aggravated rape charge with a potential life sentence deprived the defendant of his state and federal constitutional right to confrontation (including under the Sixth and Fourteenth Amendments).

6.  The trial judge's ruling permitting the Commonwealth to call Marvette Neal in order to present his prior inconsistent statements to the grand jury and to the police, constituted an abuse of discretion in violation of the defendant's state and federal constitutional right to confrontation and due process (including under the fifth, sixth, and

fourteenth amendments), especially where the court's treatment of neal was so different from its treatment of eddie hawkins.

7.   The prosecutor's closing argument improperly vouched for the credibility of Alton Clarke, and contained highly inflammatory emotional appeals to the jurors which improperly highlighted the suffering of the victim's mother.

8.   Other errors require reversal or reduction of the verdict.

9.   The Massachusetts Supreme Judicial Court should exercise its powers under M.G.L. c.278, §33e, to order a new trial, to reduce the verdict, or at the very least, to remand for an evidentiary hearing.

## Grounds Raised in Petition for Rehearing.

1.  In summarizing the facts of the case based on what "[t]he jury could have found" and using this statement of facts as the basis for its legal rulings, the Supreme Judicial Court effectively adopted the standard for evaluating insufficiency of evidence claims and misapplied it outside that limited context.

2.  The Supreme Judicial Court asserted that the four defendants were tried on a theory of joint venture and that any evidence pointing to codefendant Ronald Tinsley as the perpetrator would have made little difference. The fact is that while the Commonwealth used a joint venture theory to target Tinsley and Brown, the Commonwealth's evidence and argument as to the Evans brothers portrayed them without reservation as the two principals – i.e., the shooters. The Court failed to recognize that had the defendants been able to demonstrate that Tinsley was the lone shooter, this would have powerfully impeached the Commonwealth's percipient witnesses and would have bolstered Jimmy Evans' own testimony. The fact that Jimmy admitted firing the silver Ruger accidentally did not constitute an admission that he was a joint venturer.

3.  The Supreme Judicial Court misapprehended the thrust of defendant Jimmy Evans' post-trial litigation – that trial counsel's complete failure to hire any forensic experts or even his own investigator constituted ineffective assistance of counsel and that the motion court, at the very least, abused its discretion in failing to provide the defendant with reasonable costs to establish that trial counsel's failings actually failed to reveal exculpatory evidence that would have strongly suggested that Tinsley was the shooter.

4.  While the Supreme Judicial Court correctly recognized that the trial judge erred in admitting, over objection, Marvette Neal's grand jury testimony the its finding that this evidence was cumulative and not "prejudicial error" was based on a misapprehension of the critical role played by Neal's testimony. Moreover, to the extent that the improper admission of inadmissible and prejudicial hearsay violated the defendant's state and federal constitutional right to confrontation, the panel failed to apply the Chapman-Vinnie standard on review.

## Grounds Raised in Petition for Certiorari.

1. The Massachusetts Supreme Judicial Court erroneously applied the standard for evaluating insufficiency of evidence claims when conducting its prejudice analysis under <u>Strickland</u> and its harmless error analysis under <u>Chapman</u>.

2. In a first-degree murder case, trial counsel's complete failure to hire forensic experts to conduct critically important scientific tests or to retain an investigator to develop the factual basis for the defense constituted a constructive denial of assistance of counsel altogether, requiring the appellate court to presume prejudice.