UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JIMMY EVANS  Petitioner,   v.   MICHAEL THOMPSON  Respondent. | Civil Action No. 04-12205-REK |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Jimmy Evans.

1. Admitted.

2. Admitted.

3. Admitted. Answering further, the respondent states that the petitioner was sentenced to two concurrent terms of four

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9(a). Admitted.

9(b). Admitted.

9(c). Admitted. Further answering, the respondent states that the citation for the decision of

the Supreme Judicial Court is 439 Mass. 184, 786 N.E.2d 375 (2003), and that a copy of this decision is attached as Exhibit 5 to the Respondent's Supplemental Answer, filed manually pursuant to Local Rule 5.4(G)(1)(e).

9(d).   Admitted. Answering further, the respondent states that the petitioner's brief to the SJC is attached as Exhibit 2 in the respondent's Supplemental Answer, filed manually pursuant to Local Rule 5.4(G)(1)(e).

9(e).   Admitted.

9(f).   Admitted.

9(f)(1).   Admitted. Further answering, the respondent states that the petitioner applied for certiorari in the United States Supreme Court from the Supreme Judicial Court's opinion.

9(f)(2)-(4).   Admitted.

10.   Admitted.

11(a).   Admitted, except as to the grounds raised in the motion for new trial, which are not listed in the petition.

11(b).   Paragraph 11(b) contains no allegations and therefore no response is required.

11(c).   Admitted.

12A.   (Ground One). Paragraph 12A contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12A are denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

12B.   (Ground Two). Paragraph 12B contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12B are

denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

12C. (Ground Three). Paragraph 12C contains one or more conclusions of law to which no response is required. To the extent a response is required, the allegations in Paragraph 12C are denied. Further answering, Respondent states that Petitioner has failed to state a claim upon which relief can be granted.

13. Paragraph 13 contains no allegations and therefore no response is required.

14. The respondent states that he lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 14.

15(a)-(g). Admitted.

16. Admitted.

17. The respondent lacks the knowledge or information sufficient to admit or deny the allegations contained in paragraph 17.

And further answering the respondent has obtained transcripts from the petitioner's trial which will be supplied to the Court whenever deemed necessary. Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer, filed manually pursuant to Local Rule 5.4(G)(1)(e), with the following documents from the petitioner's state court proceedings:

1. Docket Sheets, Commonwealth v. Jimmy Evans, SUCR1995-10237.

2. Brief for Appellant on Appeal to the Massachusetts Supreme Judicial Court (07602).[1]

---

[1] The petitioner also joined in an appendix filed by his co-defendant, John Evans. The respondent will supply this appendix to the court in a further supplemental as soon as he receives

3. Brief and Supplemental Record Appendix for the Commonwealth of Massachusetts on Appeal to the Massachusetts Supreme Judicial Court (07602).

4 Reply brief of appellant.

5. *Commonwealth v. Evans*, 439 Mass. 184, 786 N.E.2d 375 (2003).

6. Petition for Rehearing.

7. Docket Sheets, SJC 7602, Docket Entry #124- Denial of Rehearing.

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent states that Petitioner's action is defective for the reasons stated in the Affirmative Defenses listed below.

### First Affirmative Defense

The Petition should be denied because it fails to state a claim upon which habeas corpus relief can be granted.

### Second Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly-established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Affirmative Defense

The Petition should be denied because the state-court adjudication of Petitioner's claims did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceedings. *See* 28 U.S.C. § 2254(d)(2).

---

it from the Suffolk County District Attorney's Office.

### Fourth Affirmative Defense

The Petition should be denied because Petitioner cannot rebut the presumption of correctness accorded to the state court's factual determination underlying his purportedly federal constitutional claims.

### Fifth Affirmative Defense

The Petition should be denied if and to the extent that the decision of the state court below rests on a state law ground that is independent of the federal question(s) Petitioner raises and adequate to support the judgment.

The respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

May 12, 2006

/s Susanne G. Reardon
Susanne G. Reardon, BBO 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached document was served upon defendant's counsel, Michael Schneider, 95 Commercial Wharf, Boston, MA 02110 by first class mail, postage pre-paid, on May 12, 2006.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General