# United States District Court
# District of Massachusetts

| | |
|---|---|
| Jimmy Evans,<br>    *Petitioner,*<br><br>v.<br><br>Michael Thompson,<br>    Superintendent, MCI Shirley,<br>        *Respondent.* | )<br>)<br>)<br>)   CA No. 04-12205<br>)<br>)<br>)<br>) |

**Petitioner's Motion for Funds
& for an Evidentiary Hearing
in Support of His Petition for Writ of Habeas Corpus**

The petitioner Jimmy Evans ("Evans") hereby moves under 18 U.S.C. §3006A(e)(1) that this Court grant him funds to retain independent forensic experts with respect to DNA, blood spatter, fingerprint, and ballistics evidence. Evans further moves under 28 U.S.C. §2254(e) that this Court conduct an evidentiary hearing where Evans can develop further the factual support for his claim that trial counsel failed to conduct an independent forensic investigation.

As grounds therefor, Evans avers as follows:

1. On October 19, 2004, Evans filed in this Court a timely petition for writ of habeas corpus along with a supporting memorandum.

2.  Evans has been found indigent by the Massachusetts courts and counsel has been assigned by the state public defender office, the Committee for Public Counsel Services, throughout the course of his state post-trial and federal collateral proceedings.

3.  As previously detailed in his memorandum in support of his habeas petition, while the prosecution at trial presented the testimony of a number of forensic experts, defense counsel failed to hire or consult with any forensic experts or even with an investigator.  As further set out in that memorandum, an independent forensic investigation — including expert analysis of DNA, blood spatter, and gun powder residue on co-defendant Ronald Tinsley's jacket — could have completely undermined the Commonwealth's contention that the Evans brothers, and not Tinsley or Robert Brown, were the shooters; could have challenged the Commonwealth's forensic evidence; and could have corroborated Evans' testimony that he did not shoot the victim, that his gun had accidentally discharged while pointing down and away from the victim, and that he had absolutely nothing to do with the victim's shooting.  *See* Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus under 28 U.S.C. §2254, at 31-43.  *See also Strickland v. Washington,* 466 U.S. 668, 690-691 (1984).  Moreover, in an affidavit filed during the state post-conviction proceedings, trial counsel admitted

that his decision not to conduct an independent forensic investigation was not the result of a "tactical decision" but rather, the result of his lack of awareness of the value of such an investigation.

    5.   Throughout the state post-conviction proceedings, Evans repeatedly requested funds to hire forensic experts and also requested an evidentiary hearing to develop factual support for his *Strickland* claim. These requests were all denied by the state courts.

    6.   Without the requested funds and without a full evidentiary hearing, this Court cannot make a meaningful factual determination as to whether the Massachusetts Supreme Judicial Court's ruling on Evans' ineffective assistance of counsel claim was contrary to or involved an unreasonable application of *Strickland*.

    7.   Under the Criminal Justice Act, 18 U.S.C. §3006A(e)(1), this Court is authorized to provide funds to "[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation." This provision provides no limitation on this Court's power to provide such funds to all "person[s]" who are "financially unable" to retain the necessary services, even where, as here, counsel was appointed by the Massachusetts public defender office to represent a habeas corpus petitioner.

Considerations of comity surely militate in favor of this Court's honoring the determinations already made by the Massachusetts courts that Evans is indigent.

8. Moreover, under Rule 6(a) of the Rules Governing Section 2254 Cases, this Court has discretion to grant the petitioner full access to "the processes of discovery available under the Federal Rules of Civil Procedure" for "good cause shown." In his habeas petition and supporting memorandum, Evans had made "specific" and otherwise adequate allegations establishing "good cause." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

9. While there may not yet exist a constitutionally mandated right to funds or counsel in collateral, post-conviction proceedings, *see Pennsylvania v. Finley,* 481 U.S. 551 (1987); *Murray v. Giarratano,*, 492 U.S. 1 (1989), where, as here, the provision of funds for forensic expertise and testing during post-conviction proceedings is necessary both to establish a *Strickland* violation and to protect the integrity of a criminal defendant's first appeal as of right, "the Fourteenth Amendment requires that the States afford state prisoners some adequate corrective process for the hearing and determination of claims of violation of federal constitutional guarantees." *See Case v. Nebraska*, 381 U.S. 336, 337 (1965) (leaving the question open).

10. Just as the phantasm of the jury trial in an era of plea-bargaining

dominance is one of our adversary system's "Potemkin village[s]," *see DeLaventura v. Columbia Acorn Trust,* 417 F. Supp. 2d 147, 155 n.7 (D. Mass. 2006) (Young, J.), the seemingly generous provision of piles of post-conviction process to indigent murder defendants without provision of the "raw materials" to establish the necessary facts, *see Ake v. Oklahoma,* 470 U.S. 68, 77 (1985), is equally a village worthy of Catherine II's minister.

    11.  If this Court is inclined to grant Evans' motion for funds, Evans will supply the Court with a detailed listing of the experts to be retained along with their hourly rates and an estimate of the number of hours they anticipate spending on the case.

    12.  Whether or not this Court grants Evans funds to conduct an independent forensic investigation, this Court should nonetheless conduct an evidentiary hearing to permit Evans to develop factual support for his claims and to rebut any adverse determinations of fact made by the state courts.  *See* 28 U.S.C. §2254(e).

Wherefore, the petitioner hereby moves that this Court grant him funds to retain independent forensic experts with respect to DNA, blood spatter, fingerprint, and ballistics evidence and that, whether or not such funds are granted, that this Court conduct an evidentiary hearing to permit Evans to develop further the factual support for his claim that trial counsel failed to conduct an independent forensic investigation.

    Respectfully submitted,
    Jimmy Evans,
    By his attorney:

    /s/Michael R. Schneider
    Michael R. Schneider
    MA BBO # 446475

    SALSBERG & SCHNEIDER
    95 Commercial Wharf
    Boston, MA 02110
    (617) 227-7788
    *Counsel for Petitioner*

**Certificate of Service**

I hereby certify that this motion has been served on counsel for the Commonwealth of Massachusetts AAG Suzanne Reardon by e-filing.

    /s/Michael R. Schneider
    Michael R. Schneider

Dated:   September 5, 2006